**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julie A Su, | No. CV-23-00776-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Infinisys Incorporated, et al., | |
| Defendants. | |

In this action, the Acting Secretary of the Department of Labor ("Plaintiff") has sued Infinisys, Inc. ("Defendant"), an inactive Arizona corporation, under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. 1.) More specifically, Plaintiff alleges that Defendant failed to remove and replace the sole trustee of its 401(k) plan, Richard Hauptmann ("Hauptmann"), after Hauptmann failed to perform his duties, including permitting 401(k) plan participants to access their retirement savings. (*Id.*) As relief, Plaintiff "requests injunctive, not monetary, relief. Namely, . . . she seeks removal of [Hauptmann] as the named Trustee and the appointment of an independent fiduciary to terminate the 401(k) Plan and distribute the participants' retirement savings. As of July 10, 2023, the 401(k) Plan contains $56,708.76 in assets which plan participants are unable to obtain." (Doc. 9 at 2.)

After Defendant was served and failed to answer the complaint, the Clerk entered default against Defendant. (Docs. 6-8.)[1] Now pending before the Court is Plaintiff's

---

[1] The Court notes that Infinisys, Incorporated 401(K) Profit Sharing Plan, a Safe Harbor Defined Contribution Plan (hereinafter "The Plan") was also named as a defendant

motion for default judgment. (Doc. 9.) For the following reasons, the motion is granted.

**DISCUSSION**

I. <u>Legal Standard</u>

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "The district court is not required to make detailed findings of fact." *Id.* "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

II. <u>The First, Fifth, Sixth, And Seventh *Eitel* Factors</u>

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment. If Plaintiff's motion were denied, she would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral. Due

---

in the complaint. (Doc. 1 at 1.) Plaintiff explained that "The Plan is named as a Defendant under Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted." (*Id.* at 2 n.1.) However, it does not appear that Plaintiff ever filed proof of service as to The Plan. (Doc. 6 at 2 ¶ 4, 6.) The time to effect service as The Plan has now expired. (Doc. 5.) Additionally, Plaintiff did not seek relief as to the Plan in her default judgment motion. (Doc. 9.) Accordingly, The Plan is dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

to Defendant's failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b), which authorizes default judgments, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.

III.   The Fourth *Eitel* Factor—The Amount Of Money At Stake

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. Here, Plaintiff seeks only equitable relief. Thus, the fourth factor weighs in favor of default judgment. *Solis v. Innovative Steel Sys., Inc.*, 2012 WL 1552791, *4 (E.D. Cal. 2012) ("In its motion for default judgment, plaintiff is not seeking monetary damages, but primarily injunctive relief. . . . It does not appear that any amount of money is even sought from Innovative Steel. Accordingly, this factor favors granting default judgment.").

IV.   The Second And Third *Eitel* Factors—Merits And Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id*.

Here, both factors weigh in favor of granting default judgment. Taken as true, the factual allegations in the complaint establish that Defendant is a fiduciary of its 401(k) plan within the meaning of ERISA; that Defendant committed several violations of ERISA based on its failure to replace Hauptmann as plan trustee before becoming "inactive"; and that participants and beneficiaries are consequently unable to access 401(k) plan assets. (Doc. 1.) These facts are sufficient. *See, e.g., Solis*, 2012 WL 1552791 at *3 ("Plaintiff's factual allegations, taken as true, show that Innovative Steel essentially abandoned its

responsibilities as fiduciary to the Plan and failed to take the necessary steps to terminate the Plan and distribute the assets, or appoint a new fiduciary. Currently, the Plan has no fiduciary, and the participants and beneficiaries are unable to reinvest or draw on their portions of the assets. Therefore, the court finds that the allegations in the complaint are sufficient to state a claim, and that injunctive relief pursuant to 29 U.S.C. § 1132(a)(5) is appropriate. Accordingly, the second and third *Eitel* factors favor the entry of default judgment.").

V. <u>Balancing The Factors</u>

Having considered all of the *Eitel* factors, the Court concludes that default judgment is appropriate.

Accordingly,

**IT IS ORDERED** that Defendant Infinisys, Incorporated 401(K) Profit Sharing Plan, a Safe Harbor Defined Contribution Plan ("The Plan") is **dismissed** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to serve.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Doc. 8) as to Defendant Infinisys, Inc. is **granted**. A separate judgment shall issue, after which the Clerk shall terminate this action.

Dated this 5th day of October, 2023.

Dominic W. Lanza
United States District Judge